IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 3:09-878 |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| BOYKIN & ASSOCIATES | ) | |
| ENVIRONMENTAL SERVICES, | ) | |
| L.L.C.. | ) | |
| | ) | |

**General Provisions**

This PLEA AGREEMENT is made this 25th day of June, 2009, between the United States of America, as represented by United States Attorney WILLIAM WALTER WILKINS, Assistant United States Attorneys Deborah B. Barbier and R. Emery Clark; and the Defendant, **BOYKIN & ASSOCIATES ENVIRONMENTAL SERVICES, L.L.C.**, and Defendant's Attorney, Calvin K. Hastie, Jr.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1.    The Defendant, **BOYKIN & ASSOCIATES ENVIRONMENTAL SERVICES, L.L.C.**, ("**BOYKIN & ASSOCIATES**") agrees to waive Indictment and arraignment, and plead guilty to an Information charging a violation of the Clean Water Act, 33, United States Code, Section 1319(c)(4).

In order to sustain it's burden of proof as to this offense, the Government is required to prove the following elements of an offense under 33 U.S.C. § 1319(c)(4):

(1)    A person, which includes a corporation;

(2) Makes a false material statement, representation, or certification in any application, report, record, plan, or other document;

(3) And the document was required to be filed or maintained or the device or method was required to be maintained under the Act; and

The Defendant acted knowingly.

**Possible Penalties for:**

Any person who knowingly violates 33 U.S.C. § 1319(c)(4), shall upon conviction, be punished by a fine of not more than $10,000, or by imprisonment for not more than 2 years, or by both.

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant understands and agrees that monetary penalties [ i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial

-2-

Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

(A)  Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $400.00 or each felony count for which the corporation is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

(B)  Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by her scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

(C)  Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.  The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range

Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

4.     The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

5.     The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

6.     In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the

right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Special Provisions

7. Defendant, BOYKIN & ASSOCIATES, also agrees to the specific provisions detailed below:

   A. Defendant, BOYKIN & ASSOCIATES, will terminate its environmental waste water consulting business to include contract management of waste water systems. BOYKIN & ASSOCIATES will send a notice by first class mail to all waste water clients served by BOYKIN & ASSOCIATES in the last two (2) years, advising each client that its environmental waste water consulting business has been permanently closed and that the affected clients must now seek the services of another environmental consulting firm. This will be accomplished within a sixty (60) day period after the Court enters a Judgement and Commitment Order.

   B. Defendant, BOYKIN & ASSOCIATES, and its principal agent, Marvin Boykin, agree to voluntarily relinquish all waste water licenses and certification that they currently retain. This will be accomplished within a sixty (60) day period after the Court enters a Judgement and Commitment Order. Further, they agree not to seek any new licenses or certifications in the environmental waste water field for a period of five (5) years.

   C. Nothing in this Plea Agreement will prohibit Defendant, BOYKIN & ASSOCIATES and its principal agent, Marvin Boykin, may continue its current business

in the field of laboratory analysis of drinking water, as permitted by South Carolina Department of Health and Environmental Control.

## Cooperation and Forfeiture

8. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    (A)    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    (B)    all additional charges known to the Government may be filed in the appropriate district;

    (C)    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    (D)    the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

### Merger and Other Provisions

9. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | |
| **DEFENDANT'S NAME:** | |
| **PAY THIS AMOUNT:** | |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
Clerk, U.S. District Court
[Address in Columbia, Greenville, Charleston or Florence]

OR HAND DELIVERED TO:
Clerk's Office
[Address in Columbia, Greenville, Charleston or Florence]  (Mon - Fri 9-5)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER*  **(<u>Do Not send cash</u>)**

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*

6/25/09  
DATE

*Marvin Boykin*  
Boykin & Associates Environmental Services, L.L.C. by its duly authorized agent, Marvin Boykin

6/25/09  
DATE

*Calvin K. Hastie, Sr.*  
Calvin K. Haste, Sr.  
Attorneys for the Defendant

WILLIAM WALTER WILKINS  
UNITED STATES ATTORNEY

DATE 6/29/09     BY: *Deborah B. Barbier*  
Deborah B. Barbier  
Assistant U. S. Attorney

-8-

Garryl L. Deas (#7055)
The Deas Law Firm
201 North Main Street
Sumter, SC 29150
803-775-7004
Attorney for Boykin & Associates
Environmental Services, L.L.C.